UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

ALLEN KELLY.

No. 10 CR 888
Judge James B. Zagel

MEMORANDUM OPINION AND ORDER

Defendant Allen Kelly has filed a motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2) based on an amendment to the Sentencing Guidelines, Amendment 750, which

lowered the base offense levels applicable to cocaine base ("crack") offenses. I am denying

Defendant's motion because Amendment 750 is inapplicable here; it does not reduce

Defendant's Sentencing Guidelines range because Defendant was sentenced as a Career

Offender. If the Guidelines range is not reduced, then I cannot reduce Defendant's sentence.

Defendant was charged with distributing 50 grams or more of crack cocaine, in violation

21 U.S.C. § 841(a) (Count One).  He pled blind to Count One on October 26, 2011. Defendant

participated in a transaction involving approximately 60.8 grams of crack cocaine.

On September 12, 2012, Defendant was sentenced to 96 months imprisonment.

Defendant's base offense level was 26 and that level was then reduced by 3 levels, resulting in a

combined offense level of 23. Defendant's prior conduct placed him in Criminal History

Category VI and also as a Career Offender. The total combined offense level with acceptance of

responsibility was 31. He was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. With

a combined offense level of 31 and a Criminal History Category VI, Defendant's Guidelines

range was 188-235 months imprisonment. Defendant was also subject to a mandatory minimum

sentence of 60 months.

Defendant was a career offender, and accordingly, his base offense level was 31 pursuant to Section 4B1.1. That enhancement is unaffected by Amendment 750, and Defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court's departure at the original sentencing does not alter the fact that Defendant was subject to a Guidelines range that has not been changed by Amendment 750, and § 3582(c) provides no relief to Defendant.

Furthermore, the Sentencing Commission has not altered, and cannot alter, a statutory mandatory minimum sentence, and that statutory minimum continues to apply. Courts have consistently recognized, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive Guidelines amendment does not provide authority to alter that mandatory minimum sentence. *United States v. Neal*, 46 F.3d 1405, 1411 (7th Cir. 1995), *aff'd*, 516 U.S. 284 (1996).

In addition to directing the Commission to promulgate new guidelines, the Fair Sentencing Act ("FSA") revised the statutory penalties applicable to cocaine base offenses. Those revisions, however, are irrelevant to Defendant's § 3582(c) motion. Proceedings held pursuant to 18 U.S.C. § 3582(c) do not constitute full resentencings of a defendant. USSG § 1B1.10(a)(3); *Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010). Any aspect of Defendant's sentence that was not affected by Amendment 750—and the statutory mandatory minimum penalty is one such aspect—is outside the scope of these proceedings. *See Dillon*, 130 S.Ct. at 2694.

In *Dorsey v. United States*, 132 S.Ct. 2321 (2012) the Supreme Court held that the FSA's statutory penalties apply to defendants sentenced after August 3, 2010, even if the offense conduct occurred prior to the enactment of the FSA. Here, Defendant was sentenced on September 12, 2012, for conduct occurring before August 3, 2010. Nevertheless, § 3582(c) is not the appropriate vehicle to address any claims concerning the statutory penalties applicable to Defendant. Section 3582(c) provides this Court with limited jurisdiction to address only sentencing guidelines made retroactive by the Commission. The Court may not use § 3582(c) to address the revisions in the statutory penalty structure.

For the reasons stated, Defendant's motion for reduction of sentence is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: June 16, 2016